United States District Court
Southern District of Texas
**ENTERED**
May 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAXWELL CHIBUEZE EZENWA, BOP #83800-079, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-24-1510 |
| UNITED STATES OF AMERICA, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Maxwell Chibueze Ezenwa (BOP #83800-079), has filed an 18-page typewritten pleading titled "Defamation, Libel, Slander / Disparagement" (the "Complaint"). (Docket Entry No. 1) The Complaint is not on a court-approved form. In the Complaint Ezenwa raises several claims attacking his alleged wrongful arrest, conviction, sentencing, and imprisonment. Because the plaintiff sues the United States for the alleged violation of his constitutional rights, the Complaint is construed to arise — at least in part — under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 91 S. Ct. 1999 (1971).[1] Ezenwa also asserts claims arising under state law. Ezenwa represents himself and has been granted leave to proceed in forma pauperis.

---

[1] The title a prisoner gives to pro se pleadings is not controlling; rather, courts look at the content of the pleading. United States v. Santora, 711 F.2d 41, 42 n.1 (5th Cir. 1983).

The court is required to scrutinize pleadings filed by prisoners and dismiss the action if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering the pleadings, the court concludes that this case will be dismissed for the reasons explained below.

## I. Background

Ezenwa is presently incarcerated by the Bureau of Prisons at the low security Federal Correctional Institution in Beaumont, Texas.[2] The defendants named in the Complaint are the United States of America and Sheryl Fryer, an anchorwoman with ABC Channel 13 Eyewitness News.[3]

Public records reflect that on April 14, 2021, a 15-count superseding indictment was filed in the Southern District of Texas, Houston Division, charging Ezenwa with: (1) one count of conspiracy to commit wire fraud affecting financial institutions in violation of 18 U.S.C. § 1349 (Count 1); (2) eight counts of wire

---

[2]Complaint, Docket Entry No. 1, p. 19. For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing system, ECF.

[3]Ezenwa identifies ABC Channel 13 Eyewitness News as being owned by the Walt Disney Group. (See Complaint, Docket Entry No. 1, p. 19.) To the extent that the Complaint can be construed as Ezenwa naming the Walt Disney Group as a separate defendant, Ezenwa does not make any factual allegations against the Walt Disney Group in the Complaint.

fraud affecting financial institutions in violation of 18 U.S.C. § 1343 (Counts 2-9); (3) one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 (Count 10); and (4) five counts of mail fraud in violation of 18 U.S.C. §§ 1341, 1342 (Counts 11-15).[4] Following a bench trial, Judge Charles Eskridge found Ezenwa guilty of all 15 counts as charged in the superseding indictment.[5] Ezenwa was sentenced to 78 months as to each of the 15 counts, to be served concurrently.[6] The Fifth Circuit affirmed Ezenwa's convictions on April 24, 2023.[7] Subsequently, the district court denied Ezenwa's attempt to vacate, set aside, or correct his sentence on post-conviction collateral review.[8]

Although the Complaint is difficult to parse, it appears that Ezenwa asserts claims against the United States for wrongful prosecution, prosecutorial misconduct, and false arrest in relation to his criminal proceeding.[9] Ezenwa also claims that he was "prejudiced by the report of Sheryl Fryer" who allegedly "releas[ed] a false news report" that caused him to lose his trial,

---

[4] See United States v. Maxwell Chibueze Ezenwa, Case No. 4:20-cr-267-1, Superseding Indictment, Docket Entry No. 38, pp. 34, 5-7 (S.D. Tex., Houston Div.).

[5] See id., Minute Entry Order, Docket Entry No. 102, p. 1.

[6] Id., Minute Entry for Feb. 24, 2022, Sentencing hearing.

[7] Id., Court of Appeals Opinion, Docket Entry No. 168.

[8] Id., Opinion and Order Denying Relief, Docket Entry No. 184, p. 1.

[9] Complaint, Docket Entry No. 1, pp. 1, 2, 9.

his business, and his 401K retirement accounts.[10] He alleges that Fryer's false news report led to his "false imprisonment by the task force[.]"[11] He also asserts several state-law tort claims, including claims for malicious prosecution, defamation, libel, slander, trespass, malicious interference with business employment, and intentional infliction of emotional distress.[12] He seeks $90 million as compensation.[13]

## II. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires federal district courts to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and

---

[10] Id. at 8.

[11] Id. at 9.

[12] Id. at 2, 4, 7.

[13] Id. at 15-16.

facilitate consideration of the good'") (quoting <u>Jones v. Bock</u>, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" <u>Denton v. Hernandez</u>, 112 S. Ct. 1728, 1733 (1992) (quoting <u>Neitzke v. Williams</u>, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." <u>Harper v. Showers</u>, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation marks and citations omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." <u>Talib v. Gilley</u>, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. <u>Id.</u> at 1974. A reviewing court must "'accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.'" <u>Heinze v. Tesco Corp.</u>, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal

conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, L.L.C., 996 F.3d 302, 307 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

In conducting this review the court is mindful that the plaintiff represents himself in this case. Courts are required to give a pro se litigant's contentions a liberal construction. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam); see also Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972) (per curiam) (noting that allegations in a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers). Even under this lenient standard, pro se litigants are still required to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" E.E.O.C. v. Simbaki, Ltd., 767 F.3d 475, 484 (5th Cir. 2014) (quoting Champion v. United States, 421 F. App'x 418, 423 (5th Cir. 2011); Pickett v. Nunn, 367 F. App'x 536, 537 (5th Cir. 2010)).

### III. Discussion

#### A. Claims Against the United States

Ezenwa seeks monetary damages from the United States for alleged improprieties that resulted in his arrest, conviction, and

imprisonment. It is well established, however, that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil-rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. Id. Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id.

The court construes Ezenwa's claims against the United States to be brought under Bivens, which allows a victim who has suffered a constitutional violation by a federal actor to recover damages in federal court. See Bivens, 91 S. Ct. at 2004-05. The Fifth Circuit has held that Heck applies to claims such as those lodged by Ezenwa brought under Bivens, which necessarily implicate the validity of his conviction. See Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994) (holding that Heck applies to Bivens actions just

as it does § 1983 actions); see also Danmola v. United States, 736 F. App'x 514, 514-15 (5th Cir. 2018) (per curiam) (same); Ortiz-Lopez v. Fed. Bureau of Prisons, Director, 830 F. App'x 127, 133 (5th Cir. 2020) (same). Ezenwa does not allege or show that his convictions or sentences have been vacated or set aside. In fact, court records confirm that Ezenwa's challenges to his convictions and sentences have all been unsuccessful. See United States v. Maxwell Chibueze Ezenwa, Case No. 4:20-cr-267-1 (S.D. Tex., Houston Div.). Ezenwa's claims are therefore barred by Heck. Because his claims are not cognizable at this time, the Complaint must be dismissed with prejudice. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met").

B. **Claims Against Fryer**

To the extent that Ezenwa alleges that Fryer has violated his constitutional rights, such claims must be dismissed. "To state a claim under [42 U.S.C.] § 1983, a plaintiff must [1] allege a violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." Sanchez v. Oliver, 995 F.3d 461, 466 (5th Cir. 2021) (internal quotation marks and citation omitted). The alleged violation "must be caused by

the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." Lugar v. Edmondson Oil Co., Inc., 102 S. Ct. 2744, 2753 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted together with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." Id. at 2746.

Ezenwa cannot sue Fryer under 42 U.S.C. § 1983 because he cannot show that Fryer, who is a local news anchorwoman, qualifies as a state actor. See Bryant v. Military Department of Mississippi, 597 F.3d 678, 686 (5th Cir. 2010) ("A person acts 'under color of state law' if he engages in the '[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (citations omitted). Accordingly, any claims against Fryer purportedly brought under 42 U.S.C. § 1983 will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Any state-law claims Ezenwa purports to bring against Fryer must also be dismissed. A federal district court has supplemental jurisdiction over state-law claims that are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a). A district court may decline to exercise

supplemental jurisdiction over state-law claims after dismissing the federal claims. See St. Germain v. Howard, 556 F.3d 261, 263-64 (5th Cir. 2009); see also United Mine Workers of America v. Gibbs, 86 S. Ct. 1130, 1139 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Generally, when all federal claims have been dismissed at an early stage, a district court should dismiss any pendent state-law claims without prejudice. Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.") (citing Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989)).

Ezenwa's federal claims will be dismissed. Because the court declines to exercise supplemental jurisdiction over any state-law claims against Fryer, any state law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Ezenwa's claims against the United States are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

2. Ezenwa's state-law claims against defendant Sheryl Fryer are **DISMISSED without prejudice**. To the extent Ezenwa attempts to bring federal claims

under 42 U.S.C. § 1983 against Fryer, such claims are **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 10th day of May, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE